**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| KELLY J. M.,[1]<br><br>    Plaintiff,<br><br>    v.<br><br>KILOLO KIJAKAZI, Acting Commissioner of Social Security,<br><br>    Defendant. | Case No. 5:20-cv-02035-AFM<br><br>**MEMORANDUM OPINION AND ORDER AFFIRMING DECISION OF THE COMMISSIONER** |

Plaintiff filed this action seeking review of the Commissioner's final decision denying her application for supplemental security income. In accordance with the case management order, the parties have filed briefs addressing the merits of the disputed issues. The matter is now ready for decision.

## BACKGROUND

On September 14, 2017, Plaintiff filed an application for supplemental security income. (AR 15.) Plaintiff's application was denied initially and on reconsideration. On February 21, 2020, Plaintiff appeared with counsel at a hearing conducted before

---

[1] Plaintiff's name has been partially redacted in accordance with Federal Rule of Civil Procedure 5.2(c)(2)(B) and the recommendation of the Committee on Court Administration and Case Management of the Judicial Conference of the United States.

an Administrative Law Judge ("ALJ"). At the hearing, Plaintiff and a vocational expert ("VE") testified. (AR 36-63.) On March 31, 2020, the ALJ issued a decision denying Plaintiff's claims. (AR 12-35.) [2] The Appeals Council denied review, rendering the ALJ's decision the final decision of the Commissioner. Plaintiff now seeks judicial review of the Commissioner's decision.

## DISPUTED ISSUES

1. Whether the ALJ failed to fully and fairly develop the record by not obtaining consultative examinations.
2. Whether the ALJ failed to properly consider degenerative changes of Plaintiff's right shoulder.

## STANDARD OF REVIEW

Under 42 U.S.C. § 405(g), this Court reviews the Commissioner's decision to determine whether the Commissioner's findings are supported by substantial evidence and whether the proper legal standards were applied. *See Treichler v. Comm'r of Soc. Sec. Admin.*, 775 F.3d 1090, 1098 (9th Cir. 2014). Substantial evidence means "more than a mere scintilla" but less than a preponderance. *See Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Lingenfelter v. Astrue*, 504 F.3d 1028, 1035 (9th Cir. 2007). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson*, 402 U.S. at 401. In the social security context, the substantial evidence threshold is "not

---

[2] The five-step sequential evaluation process was followed in the ALJ's decision here and consists of the following: Step one: Is the claimant engaging in substantial gainful activity? If so, the claimant is found not disabled. If not, proceed to step two. Step two: Does the claimant have a "severe" impairment? If so, proceed to step three. If not, then a finding of not disabled is appropriate. Step three: Does the claimant's impairment or combination of impairments meet or equal an impairment listed in 20 C.F.R., Pt. 404, Subpt. P, App. 1? If so, the claimant is automatically determined disabled. If not, proceed to step four. Step four: Is the claimant capable of performing his past work? If so, the claimant is not disabled. If not, proceed to step five. Step five: Does the claimant have the residual functional capacity to perform any other work? If so, the claimant is not disabled. If not, the claimant is disabled. *See Lester v. Chater*, 81 F.3d 821, 828 n.5 (9th Cir. 1995).

high." *Biestek v. Berryhill*, 139 S. Ct. 1148, 1153 (2019). This Court must review the record as a whole, weighing both the evidence that supports and the evidence that detracts from the Commissioner's conclusion. *Lingenfelter*, 504 F.3d at 1035. Where evidence is susceptible of more than one rational interpretation, the Commissioner's decision must be upheld. *See Orn v. Astrue*, 495 F.3d 625, 630 (9th Cir. 2007).

## DISCUSSION

### I.     Whether the ALJ Sufficiently Developed the Record.

Plaintiff contends that the ALJ erred by not sufficiently developing the record. In particular, Plaintiff argues that issues regarding her severe pain and her shoulder impairments required the ALJ to obtain consultative examinations. After review of the record and the ALJ's decision, the Court is not persuaded by Plaintiff's arguments.

The ALJ "is not a mere umpire" at an administrative proceeding. *Higbee v. Sullivan*, 975 F.2d 558, 561 (9th Cir. 1992) (per curiam); *see also Sims v. Apfel*, 530 U.S. 103, 110-111 (2000) ("Social Security proceedings are inquisitorial rather than adversarial."). Thus, an ALJ has a "duty to fully and fairly develop the record and to assure that the claimant's interests are considered." *Tonapetyan v. Halter*, 242 F.3d 1144, 1150 (9th Cir. 2001) (quoting *Smolen v. Chater*, 80 F.3d 1273, 1288 (9th Cir. 1996)). This duty arises when the evidence in the record is ambiguous or is "inadequate to allow for a proper evaluation." *Mayes v. Massanari*, 276 F.3d 453, 459-460 (9th Cir. 2001). "An ALJ's duty to develop the record further is triggered only when there is ambiguous evidence or when the record is inadequate to allow for proper evaluation of the evidence." *Mayes*, 276 F.3d at 460. *See also* 20 C.F.R. § 404.1519a (a consultative examination should be purchased when additional evidence is needed which is not in the medical record; there is a conflict, inconsistency, ambiguity or insufficiency in the evidence which must be resolved; or when there is an indication that there is a change in a claimant's condition which is likely to affect their ability to work).

Here, the record does not reveal ambiguity or insufficient evidence that prevented proper evaluation of the evidence by the ALJ. With regard to the issue of her severe pain, Plaintiff points to records from 2017 (*e.g.*, AR 690, 980, 988, 993-994) that refer to questions about the source of the pain and the possibility of somatic symptom disorder (*i.e.*, excessive focus on physical symptoms, such as pain, that causes emotional distress). However, later treatment records from 2018 and 2019 (*e.g.*, AR 1112-1142; 1155; 1251-1259) clearly state that Plaintiff has small fiber neuropathy, and the ALJ found this to be a severe impairment at Step Two of the sequential evaluation (AR 17). In addition, at the beginning of the administrative hearing, Plaintiff's counsel presented the issue to the ALJ as whether "[t]he physical problems suffered by [Plaintiff] would impact her ability to work at this time." (AR 42.) The ALJ's decision fully reviews numerous medical records regarding Plaintiff's pain assertions, and there has been no showing of ambiguity that would necessitate a consultative examination on this subject. As a further argument, Plaintiff contends that the ALJ should have obtained a consultative examination regarding her right shoulder impairment. But the medical record was clear that Plaintiff has degenerative changes in that shoulder, which the ALJ found to be severe at Step Two. (AR 17.) Although Plaintiff argues that a consultative examination was needed to determine if a limitation on reaching should have been included in the residual functional capacity ("RFC") finding, the ALJ limited Plaintiff to light work (including limits on lifting) after analysis of medical records regarding Plaintiff's condition including her shoulder and extremities, and there has been no showing of an ambiguity in the evidence regarding the shoulder impairment that required further development of the record by the ALJ.[3]

---

[3] It is also noted that the ALJ kept the record open for two weeks following the February 21, 2020 administrative hearing for submission of additional medical records and a statement from Plaintiff's mother. (AR 62.) After that occurred, Plaintiff's counsel wrote to the ALJ, stating "This will confirm that our office has now submitted all requested medical evidence . . . and the record is now complete to the best of our knowledge . . . I respectfully request that the post development period

**II. Whether the ALJ Properly Considered Degenerative Changes in Plaintiff's Right Shoulder.**

In her second issue, Plaintiff contends that the ALJ did not make a proper assessment of Plaintiff's RFC. At Step Two of the sequential evaluation, the ALJ determined that the plaintiff's degenerative changes of the right shoulder were a severe impairment but, according to Plaintiff, the ALJ erred by failing to provide limitations in the RFC related to this impairment.

A claimant's RFC is the most a claimant can still do despite his limitations. *Smolen v. Chater*, 80 F.3d 1273, 1291 (9th Cir. 1996) (citing 20 C.F.R. §§ 404.1545(a); 416.945(a)); Social Security Ruling ("SSR") 96–8p (an RFC assessment is ordinarily the "maximum remaining ability to do sustained work activities in an ordinary work setting on a regular and continuing basis," meaning "8 hours a day, for 5 days a week, or an equivalent work schedule"). In determining a claimant's RFC, the ALJ must consider all relevant evidence in the record, including both medical evidence and opinions. *See Robbins v. Soc. Sec. Admin.*, 466 F.3d 880, 883 (9th Cir. 2006); 20 C.F.R. §§ 404.1545(a)(3). If an RFC assessment conflicts with an opinion from a medical source, the ALJ "must explain why the opinion was not adopted." *Wiles v. Berryhill*, 2017 WL 5186333, at *3 (C.D. Cal. Nov. 8, 2017) (quoting SSR 96–8p); *see also Vincent v. Heckler*, 739 F.2d 1393, 1394-1395 (9th Cir. 1984) (explaining that an ALJ is not required to discuss all the evidence presented, but must explain the rejection of uncontroverted medical evidence, as well as significant probative evidence). After consideration the record, the ALJ's RFC – and any resulting hypothetical presented to a vocational expert – "must set out *all* the limitations and restrictions of the particular claimant." *Valentine v. Comm'r Social Sec. Admin.*, 574 F.3d 685, 690 (9th Cir. 2009) (citation omitted, emphasis in original).

---

be closed, and the case proceed to decision." (AR 314.) Plaintiff did not seek to submit additional evidence to the Appeals Council.

In the present case, the ALJ found that one of Plaintiff's severe impairments was "degenerative changes of the right shoulder." (AR 17.) After a review of the medical record, the ALJ also made the following finding regarding Plaintiff's RFC:

> After careful consideration of the entire record, I find that the claimant has the residual functional capacity to perform light work as defined in 20 CFR 416.967(b), consisting of lifting or carrying no more than twenty pounds with frequent lifting or carrying of objects weighing up to ten pounds. The claimant is able to sit for six hours in an eight-hour workday and stand or walk for six hours in an eight-hour workday. The claimant can occasionally balance, stoop, kneel, crouch, crawl, and climb ramps and stairs, but never climb ladders, ropes, or scaffolds or work at unprotected heights. [AR 21.]

While the RFC limited Plaintiff to light work and to frequent lifting and carrying of objects weighing no more ten pounds, Plaintiff urges the ALJ should have included a further limitation (such as a reaching limitation) directed to Plaintiff's upper extremities – because of a January 2018 MRI. (AR 1003-1004.)

The Court does not agree with Plaintiff's contention and concludes that the ALJ's RFC finding was appropriate and supported by substantial evidence. An impairment is "severe" at Step Two if it more than minimally affects a claimant's ability to perform basic work activities. *See* SSR 85-28. Based on this standard, the ALJ properly found that January 2018 MRI findings showed a "severe" right shoulder impairment. In reaching the RFC finding, the ALJ's decision at AR 23 discussed the January 2018 MRI findings regarding Plaintiff's right shoulder (AR 1003-1004), including a small interstitial tear and a number of other mild findings. The ALJ's decision also referred to subsequent July 2018 clinical findings that "confirmed normal tone in all extremities with no atrophy. [AR 939.] While manual motor testing could not be tested due to 'poor effort,' clinical findings confirmed at least antigravity in all muscles. [*Id.*]" (AR 23.) In addition, the ALJ credited the

opinion of state agency consultant E. Christian, M.D., who had reviewed the medical records available at the time the doctor's opinion was provided – including the January 2018 MRI of Plaintiff's right shoulder. Dr. Christian opined that Plaintiff could perform light work with the same lifting limitations as the ALJ later included in the RFC. (AR 76-87.) The medical records cited by the ALJ and the opinion of Dr. Christian are substantial evidence supporting the ALJ's RFC, and they did not require the inclusion of further limitations as to Plaintiff's upper extremities. Moreover, it is significant that Plaintiff does not point to any medical source opinion that contradicts this RFC or that adds shoulder-related limitations.

## ORDER

IT IS THEREFORE ORDERED that Judgment be entered affirming the decision of the Commissioner of Social Security and dismissing this action with prejudice.

DATED: 9/15/2022

_____
ALEXANDER F. MacKINNON
UNITED STATES MAGISTRATE JUDGE